IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00177-WDM-OES

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff(s),

MELISSA R. WOLFF,

Plaintiff-Intervenor,

vs.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S ,

Defendant(s).

---

ORDER DENYING EEOC'S
MOTION FOR A PROTECTIVE ORDER

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated: December 27, 2005

The EEOC is bringing an enforcement action under Title VII in the name of Melissa R. Wolff.  Ms. Wolff has alleged that she was subjected to sexual harassment from a supervisor with defendant Dillard's named Scott McGinnis.  The EEOC seeks to bring this action on behalf of Ms. Wolff, and on behalf of the class of individuals who as employees of Dillard's also have been sexually harassed by McGinnis.

The EEOC has filed a motion in which it asks that I enter an order that prevents representatives of Dillard's from interviewing any of Dillard's employees who either are, or may be, members of the proposed class.  It argues that such interviews would violate

the attorney-client privilege and/or Rule 4.2 of the Colorado Rules of Professional Conduct.

This issue was raised by counsel for the parties on September 8, 2005, at the time of the Scheduling Conference in this case. During that conference, I heard arguments from counsel in regard to the EEOC's request to prohibit interviews. I ruled against the EEOC, and stated, "[T]hey're witnesses. I don't want to hear any briefing. They're [i.e., Dillard's representatives] going to get to talk to them." *See* Deft's Resp, Ex. A at 12.

The EEOC did not file an objection to my ruling with District Judge Walker Miller. Instead, it has filed this present motion, repeating the request that it made at the Scheduling Conference.

Because I have already ruled upon the EEOC's request, and specifically noted that I did not desire any further briefing, I will treat the EEOC's motion as a motion for reconsideration of my ruling. Judge Miller himself will need to determine whether, as argued by Dillard's, the EEOC's failure to object to my initial ruling within ten days pursuant to Fed.R.Civ.P. 72 constitutes a waiver of the EEOC's right to object at all.

For purposes of the present proceedings, the EEOC has not shown me that reconsideration of my ruling is warranted. As the case law notes, there are three circumstances in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law. Renfro v. City of Emporia Kan., 732 F.Supp. 1116, 1117 (D.Kan. 1990), aff'd, 948 F.2d 1529 (10th Cir 1991). For the reasons stated in defendant's response brief, the EEOC has failed to demonstrate the

applicability of any of the three factors, and a party's mere failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. Id.

### ORDER

It is therefore ORDERED that Plaintiff EEOC's Motion for a Protective Order Prohibiting *Ex Parte* Communications with Class Members [Doc. 46, filed Dec. 16, 2005], which I have construed as a motion for reconsideration, is DENIED.

Dated at Denver, Colorado, this day of:  December 27, 2005

                                BY THE COURT:

                                s/O. Edward Schlatter
                                _____
                                O. Edward Schlatter
                                United States Magistrate Judge