IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

MELISSA R. WOLFF,

    Plaintiff/Intervenor,

v.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge O. Edward Schlatter, issued September 22, 2005, that the motion to stay pending arbitration filed by Defendant Joslin Dry Goods Company d/b/a Dillard's (Dillard's) be granted.[1] Plaintiff Equal Employment Opportunity Commission (EEOC) and Plaintiff/Intervenor Melissa R. Wolff (Wolff) filed a timely, joint objection to the recommendation. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record, including the parties' filings on the motion to stay pending arbitration, the recommendation, and the

---

[1] Magistrate Judge Schlatter retired in February 2006. This case has been assigned to Magistrate Judge Michael E. Hegarty.

filings related to the Plaintiffs' objection.  For the reasons that follow, I disagree with the recommendation's conclusion that Wolff is required to arbitrate her claims.

Wolff has been permitted to intervene in this enforcement action brought by the EEOC based upon her charges of discrimination.[2]  The issue is whether, as a result of that intervention, she is now required to arbitrate her Title VII claim against Dillard's.

42 U.S.C. § 2000e-5(f)(1) provides, in relevant part:

> If . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. . . . The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission[.]

In *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279 (2002), the Supreme Court considered the issue of "whether an agreement between an employer and an employee to arbitrate employment-related disputes bars the [EEOC] from pursuing victim-specific judicial relief, such as backpay, reinstatement, and damages, in an enforcement action" against the employer.[3]  The Court concluded that the existence of an arbitration agreement did not limit the relief the EEOC was entitled to pursue, although it did recognize that other actions on the part of the employee, such as failure to mitigate damages or entry into a settlement agreement, could affect the EEOC's recovery.  *Id.* at 296-298.

---

[2] Dillard's has not appealed the order overruling its objection to the intervention.

[3] In *Waffle House*, the aggrieved party did not seek to intervene and thus was not a party to the enforcement action.  534 U.S. at 283.

Because the employee had not intervened in the EEOC's action, the Court did not have cause to address whether an arbitration agreement would require that the employee arbitrate his claims. Nonetheless, the Court's language demonstrates that an enforcement action brought by the EEOC precludes any independent suit by the employee. "If . . . the EEOC files suit on its own, the employee has no independent cause of action, although the employee may intervene in the EEOC's suit." *Id.* at 291. *See also id.* at 298 ("[T]he statute specifically grants the EEOC *exclusive authority over the choice of forum* and the prayer for relief once a charge has been filed") (emphasis added). This choice of words suggests to me that an enforcement action brought by the EEOC is just that; it is not a lawsuit on behalf of an employee and does not become such upon intervention by the employee.[4] *See General Telephone Co. of Northwest v. EEOC*, 446 U.S. 316, 326 (1980) ("These private-action rights suggest that the EEOC is not merely a proxy for the victims of discrimination and that the EEOC's enforcement suits should not be considered representative actions subject to Rule 23"). I also observe that the majority opinion was well aware that the dissent focused upon the objection of allowing the EEOC to "do on behalf of an employee that which an employee has agreed not to do for himself." *Waffle House*, 534 U.S. at 296. I infer that the majority accepted that consequence of its ruling.

As expressed by the Fourth Circuit, a charging party's intervention in an EEOC

---

[4] I recognize that the Court left open the question of whether an "arbitration judgment would affect the validity of the EEOC's claim or the character of relief the EEOC may seek." 534 U.S. at 297. As there is no arbitration judgment in this case, however, I need not reach this question.

3

enforcement is not an independent lawsuit but rather a means to protect his or her interests in the EEOC's suit for victim-specific relief. In *Adams v. Proctor & Gamble Mfg Co.*, the *en banc* Fourth Circuit stated: "A charging party has an unqualified right to intervene in the EEOC's action. If he wishes to participate in settlement negotiations or to have the right to reject any settlement agreement negotiated by the EEOC, he may fully protect himself by intervening." 697 F.2d 582, 583 (4th Cir. 1983) (*en banc*). *See also McClain v. Wagner Elec. Corp.*, 550 F.2d 1115, 1119 (8th Cir. 1977) ("if the Commission sues first, individual employees are not permitted to sue independently but may intervene as of right in the Commissioner's suit").

I recognize that at least one other district court has held that an employee who has intervened in an EEOC enforcement action must arbitrate Title VII claims. *See EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 273 F. Supp. 2d 260, 264 (E.D. N.Y. 2003). That court does not appear to have addressed the circumstance that the claims in an enforcement action belong to the EEOC and not to the intervening employee.

Because the EEOC chose to file this enforcement action, Wolff lost her right to bring an independent cause of action. Her intervention in this case merely gives her status as a party to participate with the EEOC, and her complaint does not constitute an independent claim that would be subject to an arbitration agreement.[5]

---

[5] Indeed, Wolff's complaint in intervention essentially duplicates the EEOC's claim and prayer for relief.

I note that Dillard's Rules of Arbitration do not make provision for initiating arbitration in circumstances where the EEOC files an enforcement action and does not issue a right-to-sue letter. Attach. to Exhibit D to Response to Plaintiffs' Rule 72 Obj'n.

4

Given this decision, I do not reach the parties' arguments concerning the validity of the arbitration agreement.

Accordingly, it is ordered:

1. The recommendation issued September 22, 2005, is rejected for the reasons discussed above.

2. The motion to stay pending arbitration, filed May 4, 2005, is denied.

DATED at Denver, Colorado, on March 29, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge