IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

MELISSA R. WOLFF,

    Plaintiff-Intervenor,

vs.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

    Defendant.

_____

**ORDER ON PLAINTIFF EEOC'S RULE 37
MOTION TO DEEM DILLARD'S OBJECTIONS WAIVED**
_____

Plaintiff has filed a Rule 37 Motion to Deem Dillard's Objections Waived ("Motion") (Docket #71). The matter is briefed and has been referred to this Court (Docket #72). Oral argument would not materially assist the Court in adjudicating the Motion. For the reasons stated below, the Court **denies** the Motion.

**I.    Facts**

The EEOC alleges that an employee of Defendant sexually harassed numerous female employees, and Defendant failed to take adequate steps to prevent or stop the harassment. Plaintiff submitted discovery requests to Defendant on November 2, 2005. Responses were originally due on December 5, 2005, but by agreement of counsel (without approval of the Court) that date was extended to January 5, 2006. On that date, the parties conferred regarding the necessity of a protective order concerning information that Defendant would be providing in its responses. Defense

counsel wrote a confirming letter dated January 6, 2006, in which counsel references the parties' agreement that a response would be provided to the first interrogatory, but other responses would await the parties' agreement on an appropriate protective order. The record contains no opposing letter by the EEOC disagreeing with the contents of the January 6, 2006 letter. The Court was not asked to, and did not, approve the extension of time to respond to discovery.

The parties were unable to agree on a protective order and filed motions with the Court concerning that issue.[1] Without any apparent intervening discussion among the parties concerning this issue, on March 22, 2006, Plaintiff's counsel contacted Defendant's counsel to seek the latter's position on the present Motion, which requests that any objections to the discovery be deemed waived by Defendant. Defendants have now provided responses and objections to the discovery requests and will provide additional information once the Court issues a ruling on the respective motions for protective order.

**II.  Discussion**

The Court applauds cooperation among counsel. For that reason, agreements among counsel to extend deadlines in appropriate situations are encouraged, although submission of an unopposed motion concerning any such extension is required. In this regard, the Defendant is culpable. However, that culpability should not result in the relief requested by Plaintiff.

The record contains no evidence that Plaintiff was pressing Defendant to seek Court approval of any extension. Indeed, Plaintiff agreed to an informal extension of the deadline for discovery responses from December 5, 2005 to January 5, 2006. Thereafter, the record establishes that Plaintiff

---

[1] "Then, after even more negotiations, the parties filed separate motions for protective orders on February 16 and 17, 2006, which are pending." Plaintiff's Motion at 3.

agreed to another informal extension of an indefinite period of time to respond to the discovery requests, from January 5, 2006, until the entry of a satisfactory protective order. The Court finds no particular fault with Plaintiff for proceeding in this manner and, again, encourages the parties to confer about and agree upon resolution of discovery disputes. It is simply the case that a party cannot change its mind in mid-stream and decide that the other side now deserves a harsh penalty for the informal extension of time. The Court does not find good cause for a sanction here. However, the parties are advised to seek Court approval of any extensions of deadlines in the future.

Finally, the Court finds no harm to Plaintiff occasioned by the delay in providing discovery responses. Discovery is not yet closed and, indeed, Plaintiff previously requested an open-ended extension of discovery (dependent upon the District Judge's order on Plaintiff's Rule 72 objection concerning mandatory arbitration of Ms. Wolff's claims, a matter that went in Plaintiff's favor and has now been appealed to the Tenth Circuit by the Defendant). Discovery is currently set to close on May 15, 2006, and the Court anticipates a request for an additional extension of time.

### III.  Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Plaintiff's Rule 37 Motion to Deem Dillard's Objections Waived [Filed March 29, 2006; Docket #71] is **denied**.

Dated at Denver, Colorado, this 4th day of May, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge