IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

MELISSA R. WOLFF,

    Plaintiff-Intervenor,

vs.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

    Defendant.
_____

### ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY
_____

Defendant has filed a Motion to Compel Discovery (Docket #73) concerning contact information for potential class members in this Title VII discrimination case.  The matter is fully briefed and has been referred to this Court (Docket #74).  Oral argument would not materially assist the Court in adjudicating the Motion to Compel.  For the reasons stated below, the Court **grants** the Motion to Compel.

**I.**    **Facts**

The EEOC alleges that an employee of Defendant sexually harassed numerous female employees, and Defendant failed to take adequate steps to prevent or stop the harassment.  Plaintiff has provided the names of 23 potential class members.  Defendant has requested addresses and telephone numbers for the potential class members.  Magistrate Judge Schlatter has, on two occasions, directed the EEOC to provide such information (orally but on the record on September

8, 2005, and in a written order on December 27, 2005). EEOC has refused to comply with the Court orders and, indeed, remains steadfast in its response brief here that it should not be required to produce the requested information. The EEOC did not appeal the Court's September 8, 2005 order but did appeal, to Judge Miller, the December 27, 2005 order.

## II.     Discussion

Plaintiff relies on the attorney-client relationship and Colorado Rule of Professional Conduct 4.2 (prohibiting contact with represented persons) in refusing to provide the requested information. The Court knows that Plaintiff *really* and *strenuously* disagrees with Judge Schlatter's rulings. Compliance with judicial orders is not dependent upon the earnestness and sincerity with which a litigant disagrees with the Court. More important than Plaintiff's sincerely held disagreement with these orders is "the public interest in the enforcement of court orders that is essential to the effective functioning of our judicial process." *Valdez v. City & County of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989).[1] This alone is sufficient reason to grant Defendant's Motion to Compel.

In addition, the Motion to Compel seeks "contact information (addresses and telephone numbers)" for individuals who the EEOC has identified as alleged class members. Motion to Compel at 1. What is sought in the Motion to Compel is merely *information*, and potentially relevant information at that. Currently, Judge Miller has before him the issue of whether the Defendant may contact those persons whose information is provided, and this Court renders no further formal opinion on that issue. In addition, by means of Plaintiff's pleadings, defense counsel is clearly aware

---

[1] Plaintiff should also be concerned with the sentiment expressed in *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1370 (9th Cir. 1980): "The effectiveness of and need for harsh measures is particularly evident when the disobedient party is the government. '(T)he public interest requires not only that Court orders be obeyed but further that Governmental agencies which are charged with the enforcement of laws should set the example of compliance with Court orders.'"

of the allegation that such contact would be a violation of the rules governing professional conduct.[2] The Court is confident that Defendant will conduct itself accordingly.

For these reasons, Defendant's Motion to Compel is **granted**. Plaintiff shall provide the requested information on or before May 10, 2006.

Of further interest to the Court is Plaintiff's allegation that only several hours' notice to Plaintiff's counsel was provided by Defendant's counsel in advance of filing the Motion to Compel (although it was clear to defense counsel, through months of disagreement, that Plaintiff would oppose the Motion to Compel), and the lack of any denial of this allegation in the reply. The Court does not view a phone message, hours before filing a motion, as compliance with the local rules. The parties must actually confer, absent good cause why such contact is not possible.

Finally, the Court believes that three strikes is too many, and Defendant's request for "such other relief as this Court deems just and proper" will be taken very seriously in the event this issue is brought before the Court again.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendant's Motion to Compel [Filed March 29, 2006; Docket #73] is **granted**.

---

[2] On this issue, the Court found instructive the decisions in *EEOC v. TIC-The Indus. Co.*, No. 01-1776, 2002 WL 31654977 (E.D. La. Nov. 21, 2002) and *EEOC v. Dana Corp.*, 202 F. Supp.2d 827 (N.D. Ind. 2002).

Dated at Denver, Colorado, this 4th day of May, 2006.

                         BY THE COURT:

                         s/ Michael E. Hegarty
                         Michael E. Hegarty
                         United States Magistrate Judge