IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

MELISSA R. WOLFF,

      Plaintiff-Intervenor,

vs.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

      Defendant.

_____

## ORDER ON EEOC'S SECOND MOTION FOR PROTECTIVE ORDER
_____

Plaintiff has filed a Second Motion for Protective Order and Rule 7.1 Certification [Docket #81] requesting that Plaintiff-Intervenor have access to information designated as confidential in this case. The matter is briefed and has been referred to this Court [Docket #87]. Oral argument would not materially assist the Court in adjudicating the Second Motion for Protective Order. For the reasons stated below, the Court **denies** the Second Motion for Protective Order.

**I.**    **Facts**

The EEOC alleges that an employee of Defendant sexually harassed numerous female employees, and Defendant failed to take adequate steps to prevent or stop the harassment. Early in the case, Defendant filed a motion to compel Plaintiff-Intervenor to arbitrate any claim she has against Defendant. Magistrate Judge Schlatter recommended granting that motion. District Judge Walker Miller rejected that recommendation and allowed Plaintiff-Intervenor to remain as a litigant in this

case. Defendant has filed an interlocutory appeal to the Tenth Circuit of Judge Miller's decision. Plaintiff now seeks entry of a protective order that would permit Plaintiff-Intevenor to receive information produced during discovery and designated as confidential in this lawsuit. Defendant opposes the motion, contending that the pendency of the appeal precludes the relief requested by the EEOC.

**II.     Discussion**

The issue presented by the EEOC's motion is whether entry of the proposed protective order will impair Defendant's ability to obtain its legal entitlement to avoidance of litigation with Plaintiff-Intervenor. *McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158, 1162 (10th Cir. 2005).   The Court finds that it will.

"'Documents collected during discovery are not "judicial records,"'" and nonparties to a lawsuit do not have a right "to information collected through discovery which is not a matter of public record." *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987) (citations omitted).  "[P]rivate litigants have protectable privacy interests in confidential information contained in such documents." *Howes v. Ashland Oil, Inc.*, 932 F.2d 968 (Table), 1991 WL 73251 at *7 (6th Cir. May 6, 1991).  Although parties may agree, in a stipulated protective order, to grant access to confidential documents to the parties and to nonparties alike, the parties have not done that here. Thus, Plaintiff-Intervenor has no present, enforceable right to confidential discovery documents unless the Court itself grants such a right.

The issue of Plaintiff-Intervenor's status as a party to this case is pending before the Tenth Circuit.  During the pendency of that appeal, to grant Plaintiff-Intervenor any right that belongs to a party to a lawsuit would be to deprive Defendant of its potential legal entitlement to avoidance of

litigation with Plaintiff-Intervenor. This was the reasoning behind the *McCauley* case, which binds this Court.

### III.  Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the EEOC's Second Motion for Protective Order and Rule 7.1 Certification [Filed April 12, 2006; Docket #81] is **denied**.

Dated at Denver, Colorado, this 5th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge