IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

MELISSA R. WOLFF,

    Plaintiff-Intervenor,

vs.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

    Defendant.

## ORDER ON MOTION FOR PROTECTIVE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff EEOC's Third Motion for Protective Order [Docket #107].  A hearing was held in this case on June 1, 2006, concerning EEOC's Motion to Amend the Scheduling Order.  At that time, the parties also brought other discovery issues to the Court's attention.  Pursuant to the Court's Order at the hearing and the Minute Order dated June 5, 2006, Plaintiff EEOC was directed to provide its draft of a protective order to Defendant no later than June 2, 2006.  Defendant was directed to submit either a stipulated protective order or a status report indicating the sections of the protective order subject to dispute no later than June 9, 2006.

    Plaintiff filed this Motion on June 13, 2006, after the Court had not received a status report from the Defendant.  Defendant did submit its status report on June 13, 2006.  The Court notes Defendant's failure to submit a timely status report or to seek an extension of that deadline, but need not consider whether to strike this report because Defendant's same objections to the protective order are included in Defendant's properly submitted Response to Plaintiff's Motion.  In addition,

Defendant's proposed language is included in the exhibits attached to Plaintiff's Motion.

The dispute over this protective order centers on paragraph 10 – the language relating to plaintiff/intervenor Melissa Wolff's ability to view the documents. United States District Judge Walker D. Miller ruled that Ms. Wolff could intervene in this case, and Defendant appealed Judge Miller's ruling to the Tenth Circuit. Pending appeal, this Court determined that Ms. Wolff could not access confidential documents, absent the parties' agreement, until her status in the case was resolved by the Tenth Circuit. Plaintiff EEOC has appealed this ruling to Judge Miller.

To reflect Ms. Wolff's status in this case, EEOC has requested that the following language be included in the protective order:

> The Parties agree that Melissa Wolff will not have access to Defendant's documents designated "CONFIDENTIAL." This Protective Order takes notice of all Court Orders in this case and is also subject to any changes made by subsequent Court Orders, including all Orders concerning Melissa Wolff. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.[1]

In response, Defendant proposes the following language to clarify Ms. Wolff's ability to access document based on future Court orders:

> The EEOC shall not produce any information to Melissa Wolff or her attorneys designated as confidential unless and until an order of the court specifically authorizing disclosure of confidential information is entered in the case. No order shall be construed by the EEOC as authorizing release of confidential information to Melissa Wolff and her lawyers unless the order explicitly – and not by implication – authorizes the release of such information.

The parties appear to dispute, first, whether EEOC can voluntarily provide Ms. Wolff access to its own confidential documents, and second, what future orders will allow Ms. Wolff to access these documents. First, the Protective Order must cover documents from both parties, and the Court

---

[1] EEOC initially proposed different language to Defendant that was rejected. Dock. #107, Exh. A. Based on Defendant's objection to that language, EEOC proposed this language via letter to Defendant (Dock. #107, Exh. C.) and in the instant Motion.

will not leave open the possibility that EEOC could unilaterally share its own confidential documents with Ms. Wolff. Both parties must either limit access to the documents to those listed in the Protective Order or choose not to designate the documents as confidential.

Second, this Court determined that Ms. Wolff could not presently access documents because her status in the case is on appeal. Once her status is finally determined, she will either be a party to this lawsuit (and, the Court believes, having a right to access confidential documents) or a witness with no right to these documents. Thus, the Court determines that the following language is appropriate:

> No party shall produce or allow access to any documents designated as confidential to Ms. Wolff or her attorneys unless and until (1) an order of the Court specifically authorizes the disclosure of such confidential information to Ms. Wolff; or (2) a stipulation of the parties authorizes the disclosure; or (3) ten days after a court determines Ms. Wolff to be a party in this case, by an order that is final and no longer appealable. During those ten days after such order is made final, Defendant may raise any good faith arguments it may have against Ms. Wolff's right to access confidential documents even if she is a party to the lawsuit, thereby staying Ms. Wolff's right to access confidential documents under this provision.
>
> This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

The Court expects that as further orders are issued in this case affecting Ms. Wolff's status, the parties will confer in good faith regarding her ability to access confidential documents. If the parties find it necessary to bring this matter before the Court after any future orders are issued, the Court will carefully scrutinize the good faith of all parties in resolving this dispute.

Accordingly, for the reasons stated above, Plaintiff EEOC's Third Motion for Protective Order [Filed June 13, 2006; Docket #107] is **granted** as specified. The Court will enter the Protective Order on the record, as modified herein.

4

Dated at Denver, Colorado this 15th day of June, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge