# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

MELISSA R. WOLFF,

        Plaintiff/Intervenor,

v.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

        Defendant.

## PROTECTIVE ORDER

Upon consideration of the Plaintiff EEOC's Third Motion for Entry of Protective Order concerning certain confidential information and documents disclosed and to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, it is

ORDERED as follows:

    1.    Information designated as "CONFIDENTIAL" shall be information that is confidential, implicates common law, statutory privacy, or confidentiality interests such as:  (a) personnel records of current or former employees of Defendant; (b) the tax information of Melissa Wolff and all other claimants for whom the EEOC is seeking relief in this matter; (c) the medical and psychological treatment and counseling records, if any, of Melissa Wolff and all other claimants for whom the EEOC is seeking relief in this matter; and (d) any trade secret or proprietary information belonging to Defendant.

2. Personnel files of Defendant's employees produced to Plaintiff shall be considered CONFIDENTIAL and shall only be used by Plaintiff EEOC in its prosecution of this case. Such confidential personnel information shall not be copied, and shall not be disclosed to third parties, except in Plaintiff's prosecution of this case.

3. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

4. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential as defined in Section 1 of this Protective Order.

5. Each party may designate other documents as CONFIDENTIAL and, unless exempted by this Order, such information shall not be disclosed to any other person without the agreement of the party designating the information as confidential, except that counsel may, without further agreement or court order, disclose the confidential information or its contents for use solely in connection with this action under the following conditions:

(a) Attorneys, legal assistants and support staff of Defendant's law firm and other employees of Defendant's law firm, and attorneys, legal assistants and support staff of EEOC, who shall handle the confidential information under normal office procedures;

    (b) Experts or consultants retained by the parties with respect to this case;

    (c) Any agent of Defendant, any agent of Plaintiff EEOC, who has a need to know about the information in connection with the litigation;

    (d) Use of the information at or in preparation for depositions or as exhibits at trial.

  6. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

  7. This Protective Order is not applicable to information that EEOC must disclose in order to comply with the Freedom of Information Act and corresponding regulations.

      8.    The CONFIDENTIAL stamp or label shall be removed and/or redacted from any documents to be used as trial exhibits.

      9.    Nothing in this Stipulated Protective Order shall be construed as an admission by defendant, either express or implied, that the EEOC has an attorney-client relationship with any purported class member.

      10.    No party shall produce or allow access to any documents designated as confidential to Ms. Wolff or her attorneys unless and until (1) an order of the Court specifically authorizes the disclosure of such confidential information to Ms. Wolff; or (2) a stipulation of the parties authorizes the disclosure; or (3) ten days after a court determines Ms. Wolff to be a party in this case, by an order that is final and no longer appealable. During those ten days after such order is made final, Defendant may raise any good faith arguments it may have against Ms. Wolff's right to access confidential documents even if she is a party to the lawsuit, thereby staying Ms. Wolff's right to access confidential documents under this provision.

This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado this 15th day of June, 2006.

                BY THE COURT:

                s/ Michael E. Hegarty
                Michael E. Hegarty
                United States Magistrate Judge