IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

MELISSA R. WOLFF,

    Plaintiff-Intervenor,

vs.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER**
_____

Defendant has filed a Motion for Protective Order [Docket #120] requesting that depositions be stayed until the status of Plaintiff-Intervenor Ms. Wolff has been decided on appeal. The matter is briefed and has been referred to this Court [Docket #121]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Motion for Protective Order is **granted** in part and **denied** in part.

**I.  Facts**

Plaintiff EEOC filed this Complaint based on allegations of gender discrimination under Title VII. Plaintiff-Intervenor Ms. Wolff is the initial charging party and sought to intervene. Magistrate Judge Schlatter denied Ms. Wolff's Motion to Intervene, and the Plaintiffs appealed. District Judge Miller reversed. Defendant appealed, and the issue of Plaintiff-Intervenor Ms. Wolff's status in this case is now on appeal.

The parties have also disputed the propriety of a protective order in this case due to Ms.

Wolff's status, and the Court recently ruled that until Ms. Wolff's status is determined on appeal by the Tenth Circuit Court of Appeals, Ms. Wolff is to be treated only as the charging witness, not an Intervenor Plaintiff.

Defendant filed the instant Motion for Protective Order because EEOC noticed a Rule 30(b)(6) deposition of Defendant and included Ms. Wolff's attorney on the notice. Defendant argues that Plaintiff EEOC is attempting to treat Ms. Wolff as a party to the lawsuit. In response, Plaintiffs argue that Ms. Wolff can attend depositions as a witness with her attorney, that Ms. Wolff's attorney will have no direct participation in the deposition, and that sequestration of Ms. Wolff's attorney when EEOC is discussing documents subject to a protective order may be appropriate. Ms. Wolff further contends that her attorney should be allowed to attend for the purposes of efficiency in the event that she is determined by the Tenth Circuit to be a party to this lawsuit. Defendant argues in reply that considering the scope of Ms. Wolff's ability to participate in the deposition requires the Court to consider her ability to participate in this case, an area over which the district court is divested of jurisdiction once Defendant filed an interlocutory appeal.

## II.     Discussion

To protect a party against annoyance, embarrassment, or oppression, the Court may determine "that discovery be conducted with no one present except persons designated by the court." Fed. R. Civ. P. 26(c)(5). Only in extraordinary circumstances should a party be excluded from a deposition. *E.g.*, *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) ("[I]t is clear that the court has the power to exclude even a party, although such an exclusion should be ordered rarely indeed."). Nevertheless, there is no right for the public to attend a deposition or observe any part of the discovery process. The Supreme Court has explained, "[P]retrial depositions and interrogatories are

not public components of a civil trial. Such proceedings were not open to the public at common law, . . . and, in general, they are conducted in private as a matter of modern practice." *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 33 (1984) (citations omitted).

In the present case, Ms. Wolff is to be treated as a charging witness supporting the EEOC's lawsuit against Defendant, because this Court has no jurisdiction to effect her status as a party to this case while that status is on appeal. *See McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158, 1162 (10th Cir. 2005). This Court previously relied on *McCauley* in this case to determine that Ms. Wolff has no right, as a party to this lawsuit, to access confidential documents until her status is determined on appeal. Docket #96. This reasoning applies equally here.

Both parties certainly agree that even if the Tenth Circuit determines that Ms. Wolff must arbitrate her claims, the EEOC may continue to prosecute the claims it brought. In that event, Ms. Wolff will remain a charging party to the EEOC's lawsuit. In no event will the Tenth Circuit's decision eliminate Ms. Wolff's status as a charging witness, and therefore, the depositions conducted before this status is determined must be conducted under the purview of Ms. Wolff's status as a charging witness. This Court can find no case law that would support precluding a charging witness from attending depositions conducted by the EEOC under arguments presented in this case. Thus, the Court finds it appropriate to allow Ms. Wolff to attend depositions in this case under this role. However, a charging witness is never represented by counsel, and the Court must treat Ms. Wolff's counsel as a member of the public who has no right to attend a deposition. Based on the current posture of this case, the Court believes that Ms. Wolff's attorney should not be permitted to attend

these depositions.[1] To allow Ms. Wolff's counsel to do so would tread dangerously close to the issues currently on appeal to the Tenth Circuit, which this Court will not do.

The Court must determine one other matter with regard to these depositions. EEOC and Defendant have entered a protective order to which Ms. Wolff is not a party. Ms. Wolff should be precluded from depositions when confidential documents are examined, for she can provide no assistance to EEOC regarding these matters. As such, the Court finds that depositions should continue in this case with EEOC as a Plaintiff and Ms. Wolff as only a charging witness. Ms. Wolff may attend the depositions to assist the EEOC, as would any other charging witness. Ms. Wolff's attorney may not attend the depositions because Ms. Wolff's right to independent status in this case is on appeal. In addition, Ms. Wolff is to be excused from depositions prior to examination or discussion of any documents subject to the Protective Order entered in this case between EEOC and Defendant.

## III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion for Protective Order to Prevent the EEOC from Taking Depositions until the Pending Interlocutory Appeal is Resolved [Filed August 10, 2006; Docket #120] is **granted** in part and **denied** in part. Ms. Wolff may attend depositions as the charging witness, without her attorney, to assist EEOC. Ms. Wolff is precluded from observing any part of the deposition that covers documents that are subject to the Protective Order to which she is not a party.

---

[1] Counsel for Ms. Wolff argues that precluding him from attending the deposition and having "indirect participation" will be costly and inefficient if Ms. Wolff is later allowed to participate as a party in this case. While it is true that Ms. Wolff would at that time have her own right to reconvene these depositions, the EEOC's lawsuit has not been stayed by the Court. Thus, this Court must allow discovery on the EEOC's claims to proceed.

Dated at Denver, Colorado, this 24th day of August, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge