IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

MELISSA R. WOLFF,

      Plaintiff-Intervenor,

vs.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

      Defendant.

---

**ORDER ON DILLARD'S SECOND MOTION FOR PROTECTIVE ORDER TO
PREVENT THE EEOC FROM TAKING ADDITIONAL DEPOSITIONS UNTIL THE
PENDING INTERLOCUTORY APPEAL IS RESOLVED**

---

## I.    Introduction

The Defendant has filed a motion ostensibly to prevent certain noticed depositions from going

forward in this case, until the Tenth Circuit decides the interlocutory appeal which will determine

whether proposed Plaintiff-Intervenor Melissa Wolff must arbitrate her claims against Defendant (as

Defendant contends), or whether she may participate in this suit as a litigating party (as she and the

EEOC have contended).  The Court held a hearing on this motion on August 28, 2006.  At that

hearing, Defendant made it clear that it believes only a complete stay of proceedings is consistent with

the Tenth Circuit's decision in *McCauley v. Halliburton Energy Serv.*, 413 F.3d 1158 (10th Cir.

2005), because anything less than a complete stay means that Ms. Wolff will be participating at some

level in discovery.[1]  Defendant argued that this Court has no jurisdiction to decide whether Ms. Wolff *is* or *is not* a litigating party; that is, a decision either way by this Court violates the divestiture of jurisdiction that occurred when Defendant noticed the appeal of the District Judge's decision which found that Ms. Wolff was not prevented by an arbitration agreement from participating as an intervenor-plaintiff in this case.  The Court disagrees that it is making any affirmative decision that Ms. Wolff is or is not a litigating party, and is guided by the following basic principles.

## II.    Discussion

First, the EEOC was not a party to any arbitration agreement.  It is not bound by it.  "[T]he EEOC does not stand in the employee's shoes."  *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002).  The fact that an employee/charging party has an arbitration agreement does not limit the EEOC's authority to litigate its case, because the courts may not balance the Federal Arbitration Act (FAA) with the EEOC's authority to litigate.  *Id.*  The Supreme Court in *Waffle House* made it clear that the "detailed enforcement scheme created by Congress" outweighs "an agreement between private parties that does not even contemplate the EEOC's statutory function."  *Id.* at 296.  "[T]he proarbitration policy goals of the FAA do not require the agency to relinquish its statutory authority if it has not agreed to do so."  *Id.* at 294.[2]

---

[1]Defendant distinguishes the stay sought in this Motion from its Motion to Stay pending before District Judge Walker Miller (Docket #119) because that Motion relies on a discretionary standard to seek a stay of all proceedings; whereas, the Motion pending before this Court seeks a stay of specific discovery under the argument that *McCauley* requires an automatic stay of issues currently on appeal.  While Defendant seeks to have the Court determine the scope of this automatic stay related to depositions, the Court notes that the practical effect of Defendant's argument is a complete stay, as discussed *infra*.

[2]"A private agreement between parties cannot divest the district court of jurisdiction granted by Congress; it can only limit the parties' rights to invoke the court's jurisdiction."  *Communication Workers of America, AFL-CIO v. American Tel. & Tel. Co.*, 932 F.2d 199, 210 (3d Cir. 1991).

2

Second, "[i]t is axiomatic that an effective notice of appeal transfers jurisdiction from the district court to the court of appeals." *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998) (citing *Stewart v. Donges,* 915 F.2d 572, 575 (10th Cir.1990)). "However, there are pertinent limitations on this transfer of jurisdiction." *Howard*, 150 F.3d at 1229. Importantly, "the transfer affects only those aspects of the case involved in the appeal." *Id.* "Thus, when an appeal is taken from a limited interlocutory ruling, as opposed to one that affects the litigation as a whole, the district court may proceed with the case." *Id.* When an interlocutory appeal is taken from the denial of a motion to dismiss an indictment, or from the denial of a motion for summary judgment based on qualified immunity, the losing party has argued in the district court that the lawsuit should not proceed at all. "The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place." *Stewart v. Donges*, 915 F.2d 572, 575-76 (10th Cir. 1990).

This is not the situation here. Concerning the status of Ms. Wolff, Defendant does not and cannot contend that the lawsuit should not proceed at all. The justification for authorizing the appeal is the FAA, 9 U.S.C. § 16(a)(3). Its rationale is that a party to a binding arbitration agreement should not be permitted to pursue an individual claim against another party who is seeking the benefit of mandatory arbitration. Clearly, this Court "'retains jurisdiction to proceed with *matters not involved in that appeal.*'" *Id.* at 576 (citation omitted) (emphasis in original). Only in cases in which the divestiture of jurisdiction occasioned by the notice of appeal is "virtually complete" is the district court left only with jurisdiction over peripheral matters unrelated to the disputed right. *Id.* The Tenth Circuit has recognized that insofar as there are "discrete orders that can be carved out and isolated from the remainder of the case," the district court is permitted to proceed in substantive matters. *Id.*

3

This conclusion is consistent with established case law, which finds that "[t]he decision to stay the balance of the proceedings pending arbitration is a matter largely within the district court's discretion to control its docket." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 856 (2d Cir. 1987).  Justice White's concurring opinion in *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 225 (1985) has been used as a foundation for this line of reasoning:

> [O]nce it is decided that [litigation of federal securities claims and arbitration of pendent state claims] are to go forward independently, the concern for speedy resolution suggests that neither should be delayed. While the impossibility of the lawyers being in two places at once may require some accommodation in scheduling, . . . the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course.

*See, e.g.*, *Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1204 (11th Cir. 2004) (stating that "courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation");  *Chang v. Lin*, 824 F.2d 219, 222-23 (2d Cir. 1987) (noting that "courts have recognized the merit in generally allowing arbitration and federal litigation to proceed simultaneously," and "it is well established that a district court may order arbitration and refuse to stay nonarbitrable proceedings"); *United Communications Hub, Inc. v. Qwest Communications, Inc.*, 46 Fed. Appx. 412, 415 (9th Cir. 2002) ("We note a preference for proceeding with the non-arbitrable claims when feasible.");  *Pompano-Windy City Partners, Ltd v. Bear, Stearns & Co., Inc.*, 698 F. Supp. 504, 520 (S.D.N.Y. 1988).  *See also Horne v. New England Patriots Football Club, Inc.,* 489 F. Supp. 465, 470 (D. Mass.1980) ("Where the arbitration proceeding cannot dispose of or even deal with the [federal age] discrimination claims, and where the policy of vindicating an individual's independent statutory right of protection against age discrimination is implicated, . . . a stay of judicial proceedings is improper.").  These cases find that if the arbitrable claims

predominate, or the outcome of the nonarbitrable claims will depend on the arbitrator's decision, a stay of the entire litigation might be acceptable.  Neither of those factors favor a stay here.

Furthermore, although under *McCauley* the divestiture of jurisdiction is automatic upon the filing of a notice of appeal of a final decision on arbitrability, the scope of this divestiture under the FAA is at issue here.  Defendant argues that under *McCauley*, this Court was divested of jurisdiction on the merits of the underlying claim once the appeal was taken.  While the Court agrees with this premise, it does not agree with Defendant's interpretation of the underlying claim.  In *McCauley*, the parties agreed that certain claims were arbitrable but disagreed as to whether the remaining claims were subject to arbitration.  413 F.3d at 1159.  Defendant contended that all claims in the lawsuit were subject to arbitration.  Here, the parties agree that certain claims, namely those raised in the EEOC's enforcement action, are *not* arbitrable.  Thus, the underlying claim that is on appeal in the present case relates solely to Ms. Wolff's ability to litigate her claims in this forum or to submit her claims to arbitration, and has no bearing on the EEOC's independent enforcement action.  In addition, the principal concern for the *McCauley* court was the prospect that, by not enforcing a stay, the "appellant's ability to obtain its legal entitlement to avoidance of litigation" would be denied or impaired.  *Id.* at 1162.  Here, the Defendant's contractual entitlement to arbitrability will not be affected by permitting discovery in which Ms. Wolff is not permitted the status of a litigating party, and Defendant has no legal entitlement to avoid this lawsuit.

Moreover, the Tenth Circuit has held that "an order [concerning arbitration] is not immediately reviewable on appeal, if issues other than the propriety of arbitration are raised or relief other than a determination as to the arbitrability of the dispute is sought." *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994).  Conversely, "an order can only be final within

the meaning of § 16(a)(3) and therefore immediately appealable if arbitrability is the sole issue before the district court." *Id.* This decision, if still valid, may have some effect on Defendant's appeal. At the very least, it states a preference that if there are substantive matters pending in the district court besides those issues over which arbitrability is contested, the former should be permitted to proceed.

The statutory language of the FAA is also helpful. Under 9 U.S.C. § 3, a stay may be obtained in "any suit or proceeding . . . brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration." Here, the action was initiated by the EEOC under its own statutory authority. That was on January 31, 2005. Only on March 4, 2005, did Ms. Wolff file a motion to intervene. The only possible "suit or proceeding . . . upon any issue referable to arbitration" would arise from her motion to intervene, not the original action filed by the EEOC. Therefore, Section 3 should have no legal effect on the EEOC's action.

Third, Defendant argues that for this Court to permit the case to go forward on the premise that Ms. Wolff's status is that of a material witness and a charging party would mean that this Court has exercised jurisdiction inappropriately in determining that Ms. Wolff is *not* a party to the lawsuit, but *is* a material witness and a charging party. The Court disagrees. All parties agree (and it would be frivolous to disagree)[3] that Ms. Wolff is, legally and factually, a material witness and a charging party. No matter what decision the Tenth Circuit renders, Ms. Wolff will always be, at the very least, a material witness and a charging party.

In contrast to the situation described in *Stewart v. Donges* involving double jeopardy or qualified immunity, Ms. Wolff's disputed status as a litigating party is more akin to a collateral issue

---

[3]The Court should note that it is not divested of jurisdiction if it certifies that any appeal is frivolous. *McCauley*, 413 F.3d at 1160.

6

that can be carved out.  The EEOC is litigating its own case here.  It may engage in the normal discovery attendant to its claims, and Defendant may likewise engage in discovery in defense of those claims.  This discovery will occur regardless of the Tenth Circuit's decision, and would have occurred in this case even if Ms. Wolff had not attempted to intervene and participate as a litigating party.  The Court is not determining Ms. Wolff's status in this case – clear black letter law has already cemented her status as a charging party and a witness, and a challenge to these issues is not before the Tenth Circuit.  It is Defendant's challenge to Ms. Wolff's status as a litigating party that precipitated the appeal, and the Court agrees that it has lost the jurisdiction to consider or treat Ms. Wolff as a litigating party.  Under *Waffle House*, the contours of the stay required by the FAA should be interpreted as to avoid treading on the EEOC's statutory authority to litigate its case.

In addition, the Court does not believe that the interests of the EEOC in pursuing an enforcement action should be subject to Ms. Wolff's potential right to participate in discovery as a party, particularly since the discovery that the Court is permitting will inevitably be required in this case.  The Court perceives only two potential difficulties: Ms. Wolff will not be permitted to participate as a litigating party (although she will have the rights of a charging party), and some supplemental discovery may have to occur if the Tenth Circuit affirms the decision on arbitrability and authorizes Ms. Wolff to intervene.  As to the former, the Court believes that the EEOC's interests and Ms. Wolff's interests are sufficiently aligned, that the EEOC will adequately prosecute her allegations of discrimination in the period while the Tenth Circuit decision is pending, particularly since even an intervenor-plaintiff's participation is subservient to the EEOC's enforcement action. As to the latter, the Court believes that, in cooperation with the parties, any supplemental discovery can be tailored to minimize costs to the parties.

Nevertheless, the Court is aware of potentially contrary authority. For example, in *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324 (5th Cir. 1999), several sandwich shop franchisees brought an action against the franchisor and related entities. The franchisor sought to take advantage of an arbitration agreement and sought a stay of the litigation, although the related entities, which had independent claims pending against them, were not parties to the agreement. The court noted that a stay of the entire action was appropriate, because the claim by the franchisees "is based entirely on the franchisees' rights under the [main] contract (which contains the arbitration clause)." *Id.* at 329.

Interestingly, the *Forte* decision relied on *Sam Reisfeld & Son Import Co. v. S. A. Eteco*, 530 F.2d 679 (5th Cir. 1976). In that case, the lawsuit included nonarbitrable antitrust claims and arbitrable contract claims. The Fifth Circuit determined that the scope of the stay permitted the antitrust claims to proceed in the district court. As to the contract claims, however, the Fifth Circuit determined that although defendant Eteco's parent and successor corporations were not a party to the arbitration agreement that Eteco had signed, the scope of the stay should include them, because "the charges against these two defendants were based on the same operative facts and were inherently inseparable from the claims against Eteco. If the parent corporation was forced to try the case, the arbitration proceedings would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Id.* at 681.

The same considerations are not present here. The EEOC has a unique role which has few parallels. It may litigate this case regardless of Ms. Wolff's status. Further, it is seeking a class action in this case. The Court does not believe that allowing the EEOC's case to go forward renders the potential arbitration proceedings meaningless, nor is Defendant being deprived of a right granted to it by the federal policy favoring arbitration. Defendant is stuck with this case no matter what the

8

Tenth Circuit decides.

Finally, the Court always has the discretion to stay discovery in a case, when it is in the interest of justice to do so. *E.g.*, *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). The exercise of that discretion is a matter for District Judge Walker Miller to determine insofar as Defendant has requested a stay from Judge Miller (Docket #119).[4]

## III.    Conclusion

For the reasons stated above, Defendant's Second Motion for Protective Order to Prevent the EEOC from Taking Additional Depositions until the Pending Interlocutory Appeal is Resolved [Filed August 25, 2006; Docket #129] is **granted** in part and **denied** in part as follows:

Ms. Wolff is to be treated in this case as a charging party and witness regarding the EEOC's claims, until her status as an Intervenor-Plaintiff is resolved on appeal.

Ms. Wolff may attend depositions as a charging party to assist the EEOC, but will not be represented by counsel as an Intervenor-Plaintiff at these depositions.

As with any other witness, Ms. Wolff may be represented by counsel at her own deposition; further, despite reservations raised by the Defendant at the hearing, the Court has been presented with no authority holding that deposing her as the charging party, as ordered by this Court and over Defendant's objections, can be construed as a waiver of Defendant's rights, currently on appeal, to seek to compel arbitration.

The Protective Order entered in this case on June 15, 2006, is modified to allow Ms. Wolff access to confidential documents prior to her deposition, only in the same manner that the Protective Order allows other witnesses to access these documents.

The parties have indicated their desire to seek a stay of this Order pending the appeal to District Judge Miller. The following briefing schedule shall govern: Defendant's Motion to Stay shall be filed by Wednesday August 30, 2006; Responses are to be filed by Wednesday September 6, 2006; Reply to be filed by September 8, 2006.

The discovery deadline is extended to **December 31, 2006.**

---

[4]Of course, any decision by Judge Miller to stay this action will govern.

9

Dated at Denver, Colorado, this 29th day of August, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge