IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

MELISSA R. WOLFF,

    Plaintiff-Intervenor,

vs.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO STAY

Before the Court is Defendant's Motion to Stay this Court's Orders dated August 26, 2006, and August 30, 2006 [Docket #135], in which the Court granted Defendant's Motions for Protective Order in part and denied them in part. Both Plaintiff-Intervenor Melissa Wolff and Defendant have appealed these Orders to the District Judge. Defendant seeks to stay these Orders until the District Judge has ruled on the appeal. The EEOC opposes a stay.

To determine whether a stay is appropriate, the Court is to consider the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *Federal Trade Commission v. Mainstream Marketing Serv., Inc.*, 345 F.3d 850 (10th Cir. 2003) (per curiam).

First, although this Court does not believe that Defendant is likely to succeed on the merits of its appeal (a factor most appropriate for the reviewing court to decide), the Court recognizes that this appeal addresses an issue of law in that this Court's Orders are based on the scope of the

automatic divestiture of jurisdiction under *McCauley v. Haliburton Energy serv., Inc.*, 413 F.3d 1158 (10th Cir. 2005). As such, the standard of review of this issue on appeal is the "contrary to law"standard, rather than the highly deferential abuse of discretion standard. *See* Fed. R. Civ. P. 72(a); *Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595, 596 (D. Kan. 2000) ("The district court is not bound by the magistrate judge's decisions of law."). In addition, the matters presented to this Court in Defendant's Motions for Protective Order are not issues of clearly-defined law. The standard of review coupled with the lack of precedent in this area weigh in favor of a stay in this case.

Second, Defendant argues it will suffer irreparable harm without a stay by eliminating Defendant's right to avoid litigation with Ms. Wolff and by denying effective relief on appeal because Ms. Wolff will have already received benefits to which she may not be entitled. The Court rejects these arguments for the same reasons it denied in part Defendant's Motions for Protective Orders on these grounds, and concludes that this factor does not support a stay.

Third, harm caused by a stay to the opposing parties is slight. In fact, Plaintiff-Intervenor Wolff has also appealed this Court's Orders and has not objected to Defendant's stay. EEOC's objections are most properly considered under the fourth factor. As such, this factor also weighs in favor of a stay.

Fourth, EEOC contends that a stay will greatly harm the public interest by hampering EEOC's ability to prosecute its enforcement action. EEOC further argues that this lawsuit involves a class of 23 former employees who allege discrimination, and that staying the entire proceeding will prejudice the rights of these other class members. Defendant contends that the need for a stay arises from EEOC's own litigation decisions. Defendant argues that EEOC initially joined forces with Ms. Wolff to argue that the arbitration agreement between Ms. Wolff and Defendant was unenforceable, rather than simply asserting the rights of all class members. Defendant asserts that EEOC must bear the

consequences of its decision to litigate against Ms. Wolff's arbitration agreement with Defendant and argues that "having joined the fray and won an appealable ruling from the district court, the EEOC is ill-positioned to complain about the consequences of its district court victory." Motion to Stay at 11. Without addressing Defendant's additional argument that EEOC has taken an inconsistent position on appeal, the Court does note a shift in the EEOC's litigation focus in this Court. This shift in focus somewhat undermines the prejudice to the EEOC caused by a stay.

Weighing each of these factors, and although believing that the issue is a very close one, the Court finds a stay is appropriate pending the District Court's ruling on the appeal. While this Court has concluded it has not been divested of jurisdiction on the issues presented by Defendant, the Court recognizes the lack of precedent in this area and that the stay contemplated in the instant Motion is discretionary. The Court also notes that Defendant has filed a Motion to Stay of Proceedings that, though not yet fully briefed, is currently pending before the District Judge.

Accordingly, for the reasons stated above, Dillard's Motion to Stay Orders of August 26, 2006 and August 30, 2006 [Filed August 30, 2006; Docket #135] is **granted**. Depositions will not proceed in this case until such time as the District Court rules on the pending appeals to this Court's Orders.

Dated at Denver, Colorado this 14th day of September, 2006.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge