IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

MELISSA R. WOLFF,

    Plaintiff/Intervenor,

v.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

    Defendant.

## ORDER ON OBJECTIONS TO ORDERS OF MAGISTRATE JUDGE AND ON MOTION TO STAY

Miller, J.

This matter is before me on the parties' objections (doc nos. 54, 99, 100, 150, 151, and 161) to numerous orders entered by Magistrate Judge O. Edward Schlatter and by Magistrate Judge Michael E. Hegarty.[1] In addition, Defendant Joslin Dry Goods Company d/b/a Dillard's ("Dillard's") has filed a motion (doc no 119) to stay these proceedings pending the interlocutory appeal of my order denying the request by Dillard's to require Plaintiff/Intervenor Melissa R. Wolff ("Wolff") to arbitrate her Title VII claims. The motion to stay is denied. The orders of the Magistrate Judges are affirmed and reversed as set forth below.

---

    [1] Magistrate Judge Schlatter retired in February 2006. This case was then assigned to Magistrate Judge Michael E. Hegarty.

## Background

The EEOC commenced this enforcement action in January 2005 on behalf of Wolff, the charging party, and others similarly situated, alleging that Wolff and others were subjected to sexual harassment by an assistant store manager, Scott McGinnis. The complaint further alleges that Dillard's was aware of McGinnis's offensive sexual conduct but failed to take appropriate measures. Wolff was permitted to intervene in the case. However, Dillard's then sought to stay the proceedings as to Wolff because of the existence of an arbitration agreement, which Dillard's contended precluded her from litigating her Title VII claims in this forum. I disagreed by order dated March 29, 2006 (doc no 70) based on *Equal Employment Opportunity Commission v. Waffle House, Inc.*, 534 U.S. 279 (2002). Dillard's appealed that order to the Tenth Circuit Court of Appeals and that appeal is now pending. The enforceability of the specific arbitration agreement between Dillard's and Wolff, as a matter of contract, was not addressed in my order and is not an issue on appeal. Since then, the parties have filed a number of discovery related motions, which primarily center around Wolff's status and participation in the EEOC's enforcement action until resolution of the issues on appeal. Discovery is currently stayed by order of Magistrate Judge Hegarty (doc no 152) pending resolution of the various discovery orders and requests for stay.

1. Motion to Stay (doc no 119)

Dillard's seeks to stay the EEOC's enforcement action until after its appeal of the order denying arbitration of Wolff's claims is resolved. When applying for a stay, a party must demonstrate "a clear case of hardship or inequity" if "even a fair possibility" exists

2

that the stay would damage another party. *Span-Eng Assoc. v. Weidner*, 771 F.2d 464, 468 (10th Cir.1985) (*quoting Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).[2]

As grounds for its motion, Dillard's contends that the EEOC is refusing to provide discovery concerning Wolff and that Dillard's cannot take discovery from Wolff directly without treating her as a party opponent, which would negate the issues it is trying to vindicate on appeal, and that it will be prejudiced if the enforcement proceeding continues. Dillard's further argues that the EEOC will not be harmed by a stay because it is primarily concerned with the enforcement of the arbitration agreement and has done little discovery to date, and the public interest will be served by furthering the goals of the Federal Arbitration Act. In response, the EEOC argues that its enforcement action is brought on behalf of the public and the class, not just Wolff, and that a stay will prejudice those interests. The EEOC argues that, at a minimum, Dillard's can continue discovery regarding the claims of the other class members and that it is willing to produce discovery relating to Wolff. The EEOC also denies that it has not actively pursued discovery.

I see no basis to stay the EEOC's enforcement action. Even if Dillard's is successful on appeal and Tenth Circuit rules that *Waffle House* does not preclude enforcement of the arbitration agreement and Wolff's claims are stayed, Dillard's would still have to litigate the EEOC's claims. *See, e.g., Equal Employment Opportunity Comm'n v.*

---

[2] I disagree with Dillard's that its motion is governed by the four factor analysis of *F.T.C. v. Mainstream Marketing Serv., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003), which addresses a stay of a district court's order or judgment pending appeal, not a stay of proceedings outside the scope of an interlocutory appeal.

*Woodmen of the World Life Ins. Soc'y,* 330 F. Supp. 2d 1049 (D. Neb. 2004) (arbitration of intervenor-employee's claims did not require stay of EEOC's enforcement action); *Equal Employment Opportunity Comm'n v. Rappaport, Hertz, Cherson & Rosenthal,* 273 F. Supp. 2d 260 (E.D.N.Y. 2003) (same). Thus, I do not discern how Dillard's is prejudiced by engaging in discovery and litigating the same issues at this time, provided that Wolff is treated as a non-party charging witness (which she would continue to be even if she is required to arbitrate her individual claims). Moreover, it appears that many of the concerns raised by Dillard's about its ability to take discovery from the EEOC relating to Wolff are moot, since the EEOC has indicated its willingness to produce discovery materials and to make Wolff available for a deposition.

Should the Tenth Circuit uphold my ruling, it is unlikely that significant additional discovery would be required if Wolff's status were determined to be that of a party rather than a witness. Accordingly, Dillard's has not established "a clear case of hardship and inequity" if the EEOC's enforcement action proceeds. In contrast, the stay would prejudice the strong public interest reflected by the statutes authorizing enforcement actions by the EEOC and the interests of the other class members.

The only variable that would be altered depending on the Tenth Circuit's ruling on the arbitration question is what type of specific relief the EEOC could obtain on behalf of Wolff in its enforcement action. *Waffle House,* 534 U.S. at 297 (courts can and should preclude double recovery by an individual; therefore, it is "an open question whether a settlement or arbitration judgment would affect the validity of the EEOC's claim or the character of relief the EEOC may seek"). However, in the event that this issue arises

4

before the Tenth Circuit has issued its ruling, it can be addressed at that time, presumably by way of a procedural remedy less drastic than staying an entire class action case. *See Equal Opportunity Employment Comm'n v. Continental Airlines Inc.,* No. 04 C 3055, 2006 WL 3505485 (N.D. Ill. Dec. 4, 2006) (EEOC may seek victim specific monetary relief at trial for charging party despite charging party's private settlement with employer but amount of recovery could be offset post-judgment by amount paid pursuant to settlement agreement).

2.    Objections to Order on EEOC's Second Motion for Protective Order (doc no 100)

The parties sought to enter into a stipulated protective order that would permit Dillard's to designate some documents as "confidential" but disagreed about whether Wolff should be permitted access to such discovery materials. After these efforts failed and the procedural posture of the case changed, the EEOC filed a motion for entry of a protective order, which Dillard's opposed. Magistrate Judge Hegarty denied the motion (doc no 96), concluding that pending the appeal, Wolff should not be granted any right belonging to a party in the lawsuit, as this would deprive Dillard's of its potential legal entitlement to avoidance of litigation with Wolff. EEOC objects to this order on the grounds that Dillard's is withholding documents deemed confidential but will not cooperate in filing a stipulated motion for a protective order, effectively stopping litigation in both the EEOC's case and Wolff's case (which the EEOC argues is not stayed). I note that a stipulated protective order was finally entered in this case on June 15, 2006 in which the parties apparently agreed that Wolff would not have access to the confidential documents except by order of the Court, by stipulation, or by determination that she is a party litigant. Nonetheless,

I will address aspects of order because the issues bear on other motions.

I agree with Magistrate Judge Hegarty that under *McCauley v. Halliburton Energy Serv., Inc.*, 413 F.3d 1158 (10th Cir. 2005) and *Hardin v. First Cash Financial Serv., Inc.* 465 F.3d 470 (10th Cir. 2006) (issued after the subject order was entered), the issue of Wolff's status as a party in this case is now on appeal and this Court is divested of jurisdiction "over those aspects of the case involved in the appeal." *McCauley*, 413 F.3d at 1160 (citation omitted). In addition, the case is stayed to the extent necessary to prevent the "denial or impairment of the defendant's ability to obtain its legal entitlement to avoidance of litigation." *Id.* at 1162. Accordingly, Wolff cannot be afforded the rights of a party, rather than a witness, as the case proceeds. I agree with Judge Hegarty that access to certain discovery materials may be beyond the scope of what is permissible for a non-party. Accordingly, I do not find Magistrate Judge Hegarty's order to be clearly erroneous or contrary to law and therefore affirm.

3.   <u>Objections to Orders on Defendant's Motions for Protective Order</u> (doc no 150, doc no 151)

Dillard's moved for a protective order (doc no 120) requesting that depositions be stayed until Wolff's status was decided on appeal, arguing that the EEOC was treating Wolff as a party by including her in its notice of deposition. Dillard's then filed a second motion (doc no 129) also seeking to prevent all depositions on the grounds that proceeding with the litigation infringes on Dillard's rights to avoidance of litigation with Wolff and violates the automatic stay provisions of *McCauley*.

As discussed, Magistrate Judge Hegarty ruled that until the Tenth Circuit has

6

determined Wolff's status, she was to be treated as a charging witness rather than a party in this matter. Accordingly, he concluded that as a charging witness, it would be appropriate for Wolff to attend depositions but that her attorney could not be present (doc no 128). In his second order (doc no 133), addressing Dillard's contention that only a complete stay would be consistent with *McCauley*, Magistrate Judge Hegarty concluded that *McCauley* does not mandate a complete stay of the proceedings. Thus, he ordered that Wolff was to be treated as a charging party and witness, that she could attend depositions as a charging party to assist the EEOC but could not be represented by counsel, and Wolff could have access to confidential documents prior to her deposition in the same manner that other witnesses would be permitted under the applicable protective order. For the reasons set forth below, I affirm the orders.

I agree with Magistrate Judge Hegarty that the scope of the issue on appeal is much narrower than is characterized by Dillard's. Wolff has had two roles in this action--one as a charging party/witness and another as a intervening party--and these roles are not mutually exclusive. Regardless of the outcome of the appeal, Wolff will continue to be, at a minimum, a charging party and a witness in the EEOC's enforcement action. The EEOC's enforcement action is not derivative of Wolff's and it is not a party to any arbitration agreement. *Waffle House*, 534 U.S. at 297. The EEOC would be entitled to litigate its claims even if Wolff had already entered into a settlement with Dillard's. *See Equal Employment Opportunity Comm'n v. United Parcel Serv.*, 860 F.2d 372, 374 (10th Cir. 1988) (original charging party's settlement with employer did not moot EEOC's claim). Similarly, as discussed above, even if Wolff is required to arbitrate her individual claims,

7

no stay of the EEOC's enforcement action would be necessary. This is particularly the case because the EEOC's action is brought on behalf of numerous other class members whose claims are wholly separate from Wolff's.

The problem and expense of having to possibly litigate in two fora, if the Tenth Circuit rules in favor of Dillard's, would be a function of the existence of arbitrable and non-arbitrable claims (depending on the identity of the plaintiff), a circumstance that the district courts routinely encounter. *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998) ("the mere fact that piecemeal litigation results from the combination of arbitrable and nonarbitrable issues is not reason enough to stay [the] entire case"). In light of these considerations and the unique role of the EEOC in the prosecution of its own enforcement actions, I cannot agree with Dillard's that *McCauley* and *Hardin* and the policies encompassed in the Federal Arbitration Act preclude any discovery that might touch on or involve Wolff in some fashion such that a complete stay of these proceedings is required.

Wolff objects to these orders on the grounds that the Magistrate Judge's order cites no authority for excluding her counsel from depositions that she would be entitled to attend, although she concedes her counsel would not be entitled to participate in the depositions. I note that Wolff also does not cite any case law for the proposition that a charging witness in an EEOC enforcement action is entitled to the presence of counsel or that counsel may attend depositions in his or her stead and I have found none. I agree with Magistrate Judge Hegarty that the interests of the EEOC and Wolff are sufficiently aligned that she will not be unduly prejudiced by not being able to participate in this action

8

as a litigant party, even if she is not accompanied by her attorney at her deposition.[3]

Dillard's also objects, arguing that "the issue of Wolff's right, if any, to participate in this case is currently on appeal" and that therefore no orders can be entered that even touch on Wolff's participation. As discussed, I disagree that the question of Wolff's right to "participate" in this matter is on appeal; whether she may continue in this action as a party is on appeal, but her involvement as a witness is not, either expressly or by implication. Dillard's also contends that the Magistrate Judge overstepped his authority by ruling that Wolff was to be treated as a non-party in direct contravention of my order finding that she is a party. I see no inconsistency. My order holding that Wolff's claims are not subject to arbitration, and that she is therefore to be treated as a party in this action, is stayed pursuant to *McCauley*. However, her separate role as a witness is not affected by my ruling or by the appeal. Magistrate Judge Hegarty's orders simply affirmed that Wolff could continue in that role. Accordingly, I conclude that there is no conflict and that Magistrate Judge Hegarty did not exceed his authority.

4.   Objection to Order to Stay (doc no 161)

Pursuant to a motion by Dillard's, Magistrate Judge Hegarty then stayed his two previous orders (doc no 128, doc no 133) until I ruled on the appeal (doc no 152). The

---

[3] I note the incongruence of holding that Wolff is not to be treated as a party litigant while still entertaining her objections and filings. Since the Magistrate Judge's order was not final until accepted by me, her objections are noted for the purpose of this order. She may continue to file objections and pleadings until her status is finally determined by the Tenth Circuit in order to preserve her position on the record; however, until the issue is resolved, these should be considered consistent with her ongoing status as a witness and charging party and may be reconsidered at a later date if the Tenth Circuit affirms my order and reinstates Wolff as a party.

9

EEOC objected to the stay. In light of my affirmance of the previous orders permitting discovery to proceed, the stay is now unnecessary and the objections are moot.

5.     Objection to Order re *Ex Parte* Communications with Class Members (doc no 54)

The EEOC filed a motion for a protective order seeking to preclude Dillard's from directly contacting identified or potential class members on the grounds that, essentially, all class members are implicitly represented by the EEOC. Magistrate Judge Schlatter denied the motion (doc no 52). Magistrate Judge Schlatter first noted that EEOC had made this request at the Scheduling Conference, where it was denied and the EEOC did not file an objection at that time. He therefore treated the motion as a request for reconsideration and held that there was no basis to reconsider his denial. I will consider the motion on the merits and affirm the recommendation in part and reject it in part.

The EEOC argues that *ex parte* contacts should be prohibited in order to protect the attorney-client privilege and because of ethical rules prohibiting *ex parte* communication with a represented individual. However, as noted by the court in *Equal Employment Opportunity Comm'n v. Morgan Stanley & Co., Inc.*, 206 F. Supp. 2d 559, 561 (S.D.N.Y 2002), "[t]he case law is not definite regarding the moment when the EEOC enters into an attorney-client relationship with the members of the class it seeks to represent." The United States Supreme Court has made clear that any order limiting communications between parties and potential class members should be based on "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981). The court must identify the potential abuses being addressed and the findings

should result in an order that limits speech as little as possible. *Id.*

The EEOC has identified several categories of possible class members: (1) "known class members"; (2) individuals who may be class members and have been notified by the EEOC of this litigation but who have not yet responded to the EEOC's notice or have not provided sufficient information to determine their status; and (3) individuals who have not yet received notice of the litigation. The EEOC seeks to preclude all *ex parte* communication with "known class members" and to have conditions placed on communications with individuals in category (3).[4]

If an individual has indicated an intention to be a class member with the expectation that the EEOC would represent him or her, then there exists an attorney-client relationship and Dillard's may not communicate with that individual *ex parte*. *See Morgan Stanley*, 206 F. Supp. 2d at 561. The record is inadequate for me to determine whether there is an agreement as to known class members represented by the EEOC. If the parties cannot agree, then the EEOC shall file a listing of those individuals it contends it represents and Dillard's may file specific objections.

I will therefore reject Magistrate Judge Schlatter's order to the extent it applies to known class members. With respect to potential class members who have not yet been notified of this litigation, I note that there is a danger of coercion of potential class members by a class opponent where the parties are involved in an ongoing business relationship, such as an employer-employee relationship. *See Morgan Stanley*, 206 F.

---

[4]The EEOC does not object to Defendant's communications with individuals in category (2).

Supp. 2d at 562 (citing cases). Thus, I find there is a danger of possible abuse with respect to current employees of Dillard's who may be class members. Accordingly, some protection is appropriate. The EEOC suggests restricting communications with such employees until 45 days after the EEOC has had an opportunity to send notice of the lawsuit and contact them. I find that this is too restrictive, in light of Dillard's right to investigate and interview witnesses in the preparation of its defense. However, I think it is appropriate that if Dillard's discovers in the course of its interviews that a current employee is a potential class member, that employee must be given notice in writing of the pending lawsuit, similar to the form sent by the EEOC to other class members, before the interview continues.

6.   Objection to Order on Motion to Compel (doc no 99)

Dillard's filed a motion to compel EEOC to provide contact information for class members, which Magistrate Judge Hegarty granted on May 5, 2006 (doc no 95). In that order, Magistrate Judge Hegarty asserted that the EEOC had twice been directed by the Court to provide this information and that the EEOC had failed to comply. EEOC has provided the contact information but objects to the portion of the order finding that EEOC had not complied with previous court orders in this regard. I agree with EEOC that this portion of the order was erroneous and not supported by the record. Although there had been some orders concerning *ex parte* contacts with class members, discussed above, I do not see any previous orders directing EEOC to provide personal contact information to Dillard's. Accordingly, this portion of the order is set aside.

Accordingly, it is ordered:

1. The Motion to Stay (doc no 119) is denied.

2. The following objections to the orders of the Magistrate Judges are overruled: Objections to Order on EEOC's Second Motion for Protective Order (doc no 100); Objections to Orders on Defendant's Motions for Protective Order (doc no 150, doc no 151); Objection to Order to Stay (doc no 161).

3. The Objection to Order re *Ex Parte* Communications with Class Members (doc no 54) is sustained in part and overruled in part. Defendant shall not have any *ex parte* communication with known class members. If the parties can agree, the EEOC shall file a stipulated list of known class members as defined in this Order by February 16, 2007. If the parties cannot agree, the EEOC shall file a list of individuals it believes are known class members by February 23, 2007 and Dillard's shall file specific objections by March 2, 2007. In addition, Defendant shall notify in writing any current employees who are potential class members of the pending litigation. The parties are hereby ordered to provide a proposed notice to the Court by February 16, 2007.

4. The Objection to Order on Motion to Compel (doc no 99) is sustained. The portion of the Magistrate Judge's order (doc no 95) finding that EEOC has not complied with two previous orders directing it to provide contact information to class members is set aside.

DATED at Denver, Colorado, on February 1, 2007

BY THE COURT:

s/ Walker D. Miller
United States District Judge