IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00177-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

    Defendant.
_____

**ORDER ON DEFENDANT'S MOTION FOR LEAVE
TO FILE FIRST AMENDED ANSWER**
_____

Defendant has filed a Motion for Leave to File First Amended Answer [Docket #191] requesting that it be allowed to amend its substantive responses and assert additional affirmative defenses. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for resolution Docket #193]. The matter is briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Amend.

**I.    Background**

This is a Title VII enforcement action brought by the EEOC against Defendant. This case was filed in January 2005, and after a stay of discovery and an interlocutory appeal, most recently had a Scheduling Order entered on March 19, 2007. This Scheduling Order does not include a date for joinder of parties and amendment of pleadings (the parties listed "n/a" for the date). Dock. #182, p. 6. The original Scheduling Order contains the controlling date for the amendment of pleadings, which was October 25, 2005. Dock. #28, p. 8. Notably, the parties requested that the dates in the

Scheduling Order be vacated and that a new Rule 16 conference be held after the stay was lifted (Dock. #163), but they did not set a new date for amendment of pleadings. Contrary to Defendant's argument, this does not leave the date open-ended, but rather means that this motion is brought out of time. Defendant, therefore, must establish good cause to amend the Scheduling Order before establishing that the amendment is proper under Rule 15(a). The primary difference in these two standards is that Rule 15(a) also considers the prejudice to the non-moving party, whereas Rule 16(b) requires the moving party to establish good cause without regard to any lack of prejudice. *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

**II.     Discussion**

    **A.     Amendment of the Scheduling Order under Rule 16(b)**

Once a deadline established the scheduling order has passed, a party must demonstrate good cause to extend the deadline. Fed. R. Civ. P. 16(b).

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Catholic Health Initiatives Colo. v. Gross*, No. 06-1366, 2007 U.S. Dist. LEXIS, *4 (D. Colo. May 17, 2007) (citations omitted).

Defendant argues that it cannot determine exactly which defenses will apply in this case, because Plaintiff continues to change the scope and composition of the class of individuals for which it will seek damages. Defendant argues that it had delayed seeking this amendment until it believed the class was complete so that the amendments would directly relate to relief requested. In response,

Plaintiff contends that Defendant has known since the EEOC provided its initial disclosures that it was seeking damages for class members, and that Defendant knew or should have known of these additional defenses at the time the original Answer was filed.

Although it presents a close question, the Court believes that good cause has been established for the proposed amendment. While the original Answer was filed in 2005, the original Scheduling Order was vacated, and discovery in this case was stayed until February 2, 2007. Dock. #170. The Court recognizes that Defendant missed its opportunity to set a new deadline for amendment of pleadings in the proposed Scheduling Order tendered March 9, 2007. With regard to the class members, however, discovery had largely not been completed at the time this amendment was sought. Accordingly, the Court finds that Defendant was diligent in seeking this amendment once a class was determined and notes that Defendant has persistently argued that a class does not exist. Although Plaintiff argues that Defendant should have known some of these defenses would have been generally applicable to class members, the Court does not believe that such a standard is appropriate. Importantly, such reasoning would lead to defendants filing answers with boilerplate affirmative defenses, having little or no relevance to the actual claims asserted. Defendant's decision to wait until class discovery commenced, therefore, constitutes good cause for seeking this amendment.

### B.     Amendment of pleadings under Rule 15(a)

Once good cause is established, Defendant must also satisfy the requirements of Rule 15(a), which includes a consideration of any prejudice to the opposing party. Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously

allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005). The important inquiry is not simply whether Defendant has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation omitted). In this analysis, the Court will consider whether the proposed amendment was based on new evidence that was unavailable at the time of the original pleading. *Stanerson v. Colo. Blvd. Motors, Inc.*, No. 06-0856, 2006 U.S. Dist. LEXIS 80124 (D. Colo. Nov. 2, 2006).

As noted above, the Court determines that Defendant has presented good cause, or an adequate explanation, for the delay. The new evidence unavailable at the time of the original pleading includes discovery of the actual class members for which Plaintiff seeks relief. In addition, Plaintiff will not be prejudiced by this amendment. Although Plaintiff argues it should not have to conduct discovery on these defenses, the parties jointly sought a four-month extension of the discovery deadline, in part because EEOC has changed the composition of the class, which the Court granted in part. Dock. #204. Thus, the relevancy of each defense should become better developed as class discovery is conducted. Notably, depositions scheduled against certain class members have been canceled based on the shift in the class, and EEOC has stated on the record that it further amended the composition of the class only in the past several days. With a shifting class and additional discovery needed on the class members, the Court cannot find any prejudice to Plaintiff in allowing

this amendment. Plaintiff appears to have had ample opportunity to adjust its class based on Defendant's affirmative defenses and the viability of each class member's claims.

Plaintiff further argues that certain defenses are insufficient and should not be allowed in the amended answer. The Court believes these defenses are sufficient under the liberal requirement of Rule 15(a) and will allow these defenses to be tested as necessary by the parties and the District Judge assigned to this case.

### III. Conclusion

Accordingly, for the reasons stated above, Defendant's Motion for Leave to File First Amended Answer [Filed May 30, 2007; Docket #191] is **granted**. The Clerk of the Court is directed to file Docket #191-2 as Defendant's First Amended Answer to Complaint.

Dated at Denver, Colorado, this 10th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge