IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00177-WDM-KLM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

    v.

JOSLIN DRY GOODS COMPANY d/b/a DILLARD'S,

        Defendant.

_____

## CONSENT DECREE
_____

### I. RECITALS

1.    This matter was instituted in the public interest by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Joslin Dry Goods Company d/b/a Dillard's ("Defendant" or "Dillard's") discriminated against Melissa Wolff and a class of similarly situated individuals by maintaining a hostile work environment based on gender.

2.    Defendant denies the allegations set forth in the instant action, and expressly denies it discriminated against Melissa Wolff and a class of similarly situated individuals on any basis.

3.    The Commission and Defendant, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against the Parties hereto.

4.    This Decree is final and binding upon the parties as to the issues resolved, as well as upon their successors and assigns.

1

5.	The parties agree that this Consent Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from the charge of discrimination filed by Melissa Wolff, Charge No. 320-2003-00459.

6.	For the purpose of amicably resolving disputed claims, the Defendant joins with the Commission in requesting this Court to adjudge as follows:

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## II. JURISDICTION

7.	The parties stipulate to the jurisdiction of the Court over the parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

8.	The duration of this Decree shall be three (3) years from the date of entry by the Court. In the event that the Commission believes Defendant has failed to comply with any provision(s) of this Consent Decree, the parties agree that the EEOC may petition the Court to enforce the terms of the Decree at any time during its duration.

## III. ISSUES RESOLVED

9.	This Decree resolves all claims for damages asserted or which could have been asserted in the instant litigation, Civil Action No. 05-CV-00177-WDM-KLM.

10.	Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## IV. RELIEF FOR CLASS MEMBERS

11. Defendant shall pay the sums indicated for each Class Member in Attachment A, the total of which is $500,000, in full settlement of all monetary claims asserted by the EEOC on behalf of the class of allegedly aggrieved individuals identified thereupon. Defendant shall make such payments by check or money order no later than ten (10) days from the Court's entry of the Consent Decree. The check or money order shall be made payable to each person and mailed to the address provided by the Commission. Defendant will issue an IRS Form 1099 to each Class Member.

12. Within three (3) business days of the issuance of the check or money order, Defendants shall submit a copy of the check or money order and any transmittal letter to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012. Defendant will not condition the receipt of individual relief on the class members' agreement to (a) maintain as confidential the terms of this decree, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position with the Defendant.

## V. EQUITABLE RELIEF

A. <u>Scope</u>

13. The terms of this Decree shall apply to the Dillard's stores currently in Palmdale, California, and Westminster, Colorado.

14. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment practice which discriminates on the basis of gender.

15. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of

them, are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, because of such person's filing a charge, testifying or participating in any manner in any investigation, proceeding, hearing or lawsuit under any of these statutes, because such person was identified as a witness or possible witness for the Commission, because such person participated in any manner in this action or in the investigation giving rise to this action, or because such person is designated as an aggrieved individual under this Decree.

B. <u>Anti-discrimination Policy</u>

15. Defendant shall adopt and/or maintain a policy proscribing discrimination based on gender, and proscribing retaliation against any employee who complains about gender discrimination or who files a charge of discrimination alleging gender discrimination ("Anti-Discrimination Policy"). Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place in the Westminster, Colorado and Palmdale, California stores, where notices to employees and applicants for employment are customarily kept or posted, a copy of the Anti-Discrimination Policy. Within thirty (30) days of entry of this Decree, Defendant shall provide a copy of its Anti-Discrimination Policy to all employees and will provide the policy to newly hired employees within ten (10) days of their hire. Within forty-five (45) days of entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

C. <u>Harassment Complaints</u>

17. Defendant shall: (1) require that all complaints of harassment be permanently maintained in an alleged harasser's file and, in the event an employee against whom a harassment complaint has been made transfers to another Dillard's location, notice of the complaint will be provided to the new Store Manager; (2) permit

4

employees to complain about harassment to any management official; and (3) whenever a complaint of sexual harassment is made, unless the complaint is found to have no merit, the alleged harasser will receive a minimum of two (2) hours of sexual harassment training within thirty (30) days of the complaint.  Defendant shall also notify management officials that they have a duty to report observations of inappropriate conduct.

D. <u>Training</u>

18. Beginning in calendar year 2008, and annually thereafter during the term of this Consent Decree, Defendant shall conduct annual training for all of its employees on what constitutes discrimination and sexual harassment, at least 50% of which shall be harassment.  Training will include notification of the Defendant's policy and procedures for asserting complaints of discrimination.  Defendant agrees that said training will also include advising employees on the penalties of engaging in discriminatory behavior.  Defendant agrees that said training will include the Defendant's non-retaliation policy.  All training under this Paragraph shall be at Defendant's expense, conducted by outside vendors or by video training which, upon request, may be reviewed by the EEOC.

19. The training will be conducted as follows:

**a.    Non-managerial Employees.**

During the term of this Consent Decree, Defendant shall require non-managerial employees to receive two (2) hours total of annual sexual harassment training.  The first one hour of training shall be held within six (6) months after entry of this Consent Decree and every six (6) months thereafter.  All new hires shall continue to receive sexual harassment training currently provided by Defendant during its new hire orientation.  Defendant shall provide the EEOC with a copy of the employee training and shall make a good faith effort to so provide within thirty (30) days of its implementation.

**b.  Managerial and Supervisory Employees**

During the term of this Consent Decree, Defendant shall require all individuals who work in a managerial or supervisory capacity to receive four hours total of annual interactive live broadcast sexual harassment and non-retaliation training at its Palmdale, California and Westminster, Colorado stores. Defendant shall also require that Jeff Marsh, Dan Jensen, Sharen Meeks and Bill Hite receive the training designed for managerial and supervisory employees.  Two (2) hours of this training shall be provided within three (3) months after entry of the Decree and two (2) hours every six (6) months thereafter.  Defendant shall provide the EEOC with a copy of the training agenda, the names of the trainers, and the date(s) of the training in advance of the training.  An EEOC representative may attend the training.

**c.  Employees Responsible for Investigating Allegations of Sexual Harassment**

Defendant shall provide four (4) hours of investigation training for Store Managers, District Managers, and any other employee who may conduct sexual harassment investigations at its Palmdale, California and Westminster, Colorado stores.  Defendant shall also require Jeff Marsh, Dan Jensen, Sharen Meeks, and Bill Hite to receive this training, and Defendant shall make a good faith effort to administer this training within six (6) months of the entry of this Decree. Defendant shall make its best effort to provide the EEOC with notification of the date of training within ten (10) days but no fewer than seven (7) days prior to the training.  An EEOC representative may attend and participate in this training.  No Defendant store manager, including Sharon Meeks, shall conduct an investigation into allegations of sexual harassment until  they have received investigation training.

20.     Defendant agrees that all personnel shall register and attend the seminar

training sessions.  In the reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the training programs, identify the individuals providing the training, and provide the registries of attendance.

E.    Posting of Notice

21.    Within five (5) business days of the entry of this Consent Decree, Defendant shall post in a conspicuous place in its Westminster, Colorado and Palmdale, California facilities where notices to employees and applicants for employment are customarily kept or posted, the Notice attached as Attachment B to this Decree.  The Notice shall be posted and shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within twenty (20) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

F.    Record Keeping And Reporting Provisions

22.    For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree.  The Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Consent Decree.  In the event the Commission exercises its right to interview personnel at Defendant's premises, EEOC will provide Defendant at least twenty-four (24) hours prior notice, and will cooperate with Defendant to schedule such interviews at mutually convenient times and to ensure a minimum of disruption to operation of the business.

23.    Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, access or copying of records, or interviews of employees.

24.    Defendant shall provide semi-annual reports for each six-month period

7

following the entry of the Decree. The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission two weeks prior to the date on which the Consent Decree is to expire.

24. Each report shall provide the following information:

　　a.　　**Complaints of Gender Discrimination**

For purposes of this Paragraph, the term "complaint of gender discrimination" will include any written or verbal complaint arising in the Westminster, Colorado or Palmdale, California stores, which alleges discrimination based on gender, or alleges conduct which the Defendant recognizes as presenting an allegation of gender discrimination. For example, an employee may complain that she was denied promotion because of her sex, or that co-workers are telling offensive sexual jokes. These are "complaints of discrimination" even though the employee does not expressly allege discrimination;

The name, address and telephone number of each person making a complaint of gender discrimination to Defendant or to any federal, state, or local government agency; and

Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

　　b.　　**Training**

For each training program required under Paragraphs 18 and 19, and conducted during the reporting period, Defendant shall submit a registry of attendance.

For each training program required under Paragraph 19, and completed during the reporting period, Defendant shall provide a certificate of completion.

For each training program conducted during the reporting period, Defendant will identify the vendor and provide a copy of the program agenda.

### c. Posting of Notice

Defendant shall re-certify to the Commission that the Notice required to be posted under Paragraph 21 of this Consent Decree has been properly posted, or if removed, was promptly replaced, during the duration of the reporting period.

## VI. ENFORCEMENT

26. There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission may enforce compliance herewith.

27. Enforcement may be had by the Commission petitioning the Court for enforcement of the terms of this Decree.

## VII. EEOC AUTHORITY

28. With respect to matters outside the scope of this Decree or charges not specifically resolved in Paragraph 4 above, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority.

## VIII. COSTS AND ATTORNEY'S FEES

29. Except as specifically set forth herein, each party shall be responsible for and shall pay its own costs and attorney's fees.

## IX.  NOTICE

30. Any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, to the appropriate parties as follows:

Supervisory Trial Attorney

Denver Field Office
Equal Employment Opportunity Commission
303 E. 17th Avenue, Suite 510
Denver, CO  80203


Dillard's Vice President, Secretary and
General Counsel
1600 Cantrell Road
Little Rock, AR  72201



DATED at Denver, Colorado, on March 31, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge

**ATTACHMENT A**

| CLASS MEMBER | MONETARY AWARD |
|---|---|
| Priscilla Romero | $100,000 |
| Jannelle Ybarra Lloyd | $100,000 |
| Sandra Sanchez | $45,000 |
| Sheena Hermance | $45,000 |
| Sara Goodwin Roth | $45,000 |
| Charlene Gardner | $45,000 |
| Caroline Azzara | $25,000 |
| Christina Paje | $25,000 |
| Cassie Whitesides | $25,000 |
| Ketty Lopez | $25,000 |
| Leatrice Doucet | $10,000 |
| Michelle Miller | $10,000 |

# ATTACHMENT B

# **<u>NOTICE</u>**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in <u>EEOC v. Dillard's</u>, filed in the United States District Court for the District of Colorado, Civil Action No. 05-cv-00177-WDM-KLM.

Management of Dillard's wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices, and to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate based upon the sex of an employee or job applicant. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, including sex discrimination, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Dillard's respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Dillard's reaffirms its commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination in terms of hiring, promotion, compensation, benefits, discharge or discipline because of sex.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Dillard's will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three years.

Dillard's


By:_____   _____
                                                                   Date